UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANEE BURRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case number 4:09cv1010 TCM |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner"), denying the applications of Danee Burrell ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401-433, and supplemental security income ("SSI") under Title XV of the Act, 42 U.S.C. § 1381-1383b, is before the Court[1] on the unopposed motion of the Commissioner to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff alleges in his complaint that he suffers from severe impairments of residuals of a 2001 cerebral vascular accident, schizoaffective disorder, and obesity and that these impairments, combined with his age, education, and work experience, are of sufficient severity and duration to constitute a disability within the meaning of the Act. (Comp. ¶ 5.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

In his brief in support of his complaint, Plaintiff argues that the adverse decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence on the record as a whole because the ALJ (1) did not properly assess his residual functional capacity; (2) did not properly evaluate his subjective complaints; and (3) posed an incomplete hypothetical question to the vocational expert.

The Commissioner requests that the case be reversed and remanded so that Plaintiff's applications may be remanded to the ALJ to obtain additional testimony from a vocational expert and to pose to that expert a hypothetical question that includes Plaintiff's credible limitations and does not include the assessment of a non-physician state agency consultant. Plaintiff expressly does not oppose a remand.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four [2] or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four, by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)). A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** The

---

[2] Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

remand sought in the instant case is, therefore, properly considered a sentence four remand. See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was appropriately made pursuant to sentence four). The Commissioner's unopposed motion shall be granted pursuant to sentence four.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED** [Doc. 15].

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of December, 2009.